## Alvin DeFrates, Appellee, v. Central Union Telephone Company, Appellant.

APPEALS AND ERRORS—*where appellate court is bound by decision of supreme court.* Where plaintiff, a telephone lineman, obtains a judgment for personal injuries received while in the employ of defendant which is affirmed by the appellate court, but reversed and remanded by the supreme court, which holds that from the record it appears that plaintiff assumed the risk, and at a new trial in the circuit court there is no evidence introduced differing materially from the evidence contained in the former record, it is error for the trial court to refuse to direct a verdict for defendant, and on appeal the judg-

ment for plaintiff will be reversed in accordance with the holding of the supreme court.

Appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding. Heard in this court at the April term, 1912. Reversed. Opinion filed March 18, 1913.

W. B. Mann, Conkling & Irwin and David K. Tone, for appellant.

T. J. Condon and Albert Salzenstein, for appellee.

Mr. Justice Philbrick delivered the opinion of the court.

This is an action by plaintiff against defendant to recover for injuries received by plaintiff while in the employ of the defendant as a telephone lineman. Plaintiff recovered a judgment against defendant for $3,000, from which it prosecutes this appeal.

Plaintiff while in the employ of the defendant as a lineman, on the 6th of August, 1907, was engaged in removing wires from a certain telephone pole upon the farm of one Keene, for the purpose of removing the line from the position which it then occupied on Keene's farm and reconstructing it along the highway where defendant then had another line of telephone wires. Mr. Keene desired to have the poles and wires removed from his field and have them run along this public highway instead.

This is the second appeal of this cause to this court. Plaintiff on the first trial of the cause recovered a judgment against defendant; on appeal from that judgment, it was affirmed in this court, 149 Ill. App. 569. A further appeal was prosecuted to the Supreme Court by defendant, 243 Ill. 356. Upon the record as it then was before the Supreme Court, that court determined that plaintiff must be held to have assumed the risk of injury from the falling pole. The facts concerning this injury are fully set forth in the opinion of the

30        APPELLATE COURTS OF ILLINOIS.

Hatcher v. Quincy Horse Ry. and Carrying Co., 181 Ill. App. 30.

Supreme Court. By its judgment upon that record the Supreme Court held there could be no recovery and reversed the judgment of the Appellate Court and of the circuit court, and remanded the cause.

A remanding order was filed in the circuit court and a new trial had. The trial court was and this court is bound by the judgment of the Supreme Court upon the former record as to all matters therein determined. The only question now involved in this controversy is whether or not there is any additional evidence produced in this record showing any liability on the part of the defendant. We have examined this record carefully and we fail to find therein any evidence differing materially in any respect from the evidence contained in the former record, and that the cause is in this court on this appeal without any substantial change or material difference in the record when formerly here.

In such condition of the record, the judgment of the Supreme Court upon the former appeal is conclusive. The trial court should have directed a verdict for the defendant, and it was error for it to refuse to do so. The judgment of the trial court is reversed with finding that the plaintiff assumed the risks incident to his employment, and that the injury was caused by reason of the risks assumed by him in that employment, which finding will be entered in the judgment of this court by the clerk. The judgment is reversed.

*Reversed.*